# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1698 | **DATE** | 3/11/13 |
| **CASE TITLE** | LeRoy Palmer (#N-01115) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $55.07 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the office of inmate accounts at Shawnee Correctional Center. However, summonses shall not issue at this time. The Court grants Plaintiff's motion for assistance of counsel [#4] and hereby asks John Scott Myers, Myers Carden & Sax LLC, 30 North LaSalle Street, Suite 2200, Chicago, IL 60602, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody at Shawnee Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has a birth defect resulting in him missing his left hand. He also alleges that he suffers from a variety of medical ailments, that, together with his disability require him having access to a low bunk. He was transferred from Shawnee Correctional Center to Stateville Correctional Center on a court writ on January 11, 2012, but in spite of having been issued a low bunk permit, a low bunk was not provided for him at Stateville. On January 22, 2012, Plaintiff alleges that he fell out of the top bunk and injured himself. He alleges a failure of Stateville medical staff to provide him with adequate medical care. In part, he alleges that he was not given an X-ray for 90 days and that because of the delay in diagnosis, he now requires surgery to correct the injury to his knee. Plaintiff has returned to Shawnee and alleges an ongoing inability to obtain constitutionally adequate medical care.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $55.07. The office of inmate accounts at Shawnee Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Shawnee Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
(CONTINUED)

AWL

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action with respect to deliberate indifference to a serious medical condition. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Due to the nature of Plaintiff's allegations, the Court hereby requests that John Scott Myers, Myers Carden & Sax LLC, 30 North LaSalle Street, Suite 2200, Chicago, IL 60602, , provide Plaintiff with assistance of counsel and represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should notify the Court within sixty days if he wishes to proceed with the complaint on file or he intends to file an amended complaint. Of particular interest to the Court as a subject of counsel's investigation is whether Plaintiff properly exhausted his administrative remedies (see Plaintiff's Complaint, p. 7, Administrative Review Board Summary) and whether his claims of deliberate indifference to a serious medical condition are attributable to Defendants at Stateville, Shawnee, or at both correctional facilities. If counsel is unable to file an amended complaint, he should so inform the Court.