12920.A1B7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEROY PALMER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MARCUS HARDY, in his official ) | |
| capacity as Warden at IDOC Northern ) | |
| Reception and Classification Center, ) | 2013 cv 1698 |
| UNKNOWN CORRECTIONAL ) | |
| OFFICERS at IDOC Northern ) | |
| Reception and Classification Center ) | |
| ALLAN MARTIN, in his official ) | |
| capacity as Warden at Shawnee ) | |
| Correctional Center, ) | |
| THOMAS J. DART, in his official ) | |
| capacity as Sheriff of Cook County, ) | |
| Illinois , and ) | |
| UNKNOWN CORRECTIONAL ) | |
| OFFICERS at Cook County Department ) | |
| of Corrections, ) | |
| ) | |
| Defendants ) | Plaintiff Demands Trial By Jury |

### PLAINTIFF'S AMENDED COMPLAINT AT LAW

Plaintiff, LEROY PALMER, by and through his attorneys, Myers Carden & Sax LLC, complaining of the Defendants, MARCUS HARDY, in his official capacity as Warden at the Illinois Department of Corrections Northern Reception and Classification Center, UNKNOWN CORRECTIONAL OFFICERS at the Illinois Department of Corrections Northern Reception and Classification Center, ALLAN MARTIN, in his official capacity as Warden at Shawnee Correctional Center, THOMAS J. DART, in his official capacity as Sheriff of Cook County, Illinois, and  UNKNOWN CORRECTIONAL OFFICERS at the Cook County Department of Corrections,states as follows:

## JURISDICTION AND VENUE

This action is brought pursuant to 42 USC §1983 for deprivation of Plaintiff's constitutional civil rights; jurisdiction is therefore appropriate under 28 USC §1331 and §1343.

The relevant actions and the claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 USC §1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff, LEROY PALMER, is an individual who at all times relevant hereto was living in the Northern District of Illinois.

2. During October, 2010, Plaintiff, LEROY PALMER, entered the custody of the Illinois Department of Corrections as Offender #N-01115, and was assigned to serve his prison term at Shawnee Correctional Center, in Vienna, Illinois.

3. At all times relevant hereto, Plaintiff, LEROY PALMER, was unable to safely climb to and from the top bunk of a bunk bed due to a congenital deformity of his left hand.

4. During 2010, Plaintiff, LEROY PALMER, was granted a low-bunk/low-gallery permit by prison staff due to the congenital deformity of his left hand and his inability to safely climb to a top bunk.

5. On 1/11/12, Plaintiff, LEROY PALMER, was transferred to the Illinois Department of Corrections Northern Reception and Classification Center (NRC), located at Stateville Correctional Center, in Joliet, Illinois.

6. Upon his arrival at the Stateville/NRC facility, Plaintiff, LEROY PALMER, informed the staff during the intake and bunk assignment processes that due to his medical condition, he required a low bunk, and that he had been granted a permit for such a low bunk.

7. Upon his arrival at the Stateville/NRC facility on 1/11/12 and afterwards, Plaintiff, LEROY PALMER, was not granted or allowed a low bunk.

8. Upon his arrival at the Stateville/NRC facility on 1/11/12 and afterwards, Plaintiff, LEROY PALMER, was assigned or otherwise made to utilize an elevated top bunk.

9. On 1/22/12, Plaintiff, LEROY PALMER, fell from the top bunk of his bed, and suffered injury to his right knee.

10. LEROY PALMER suffered and continues to suffer pain and disfigurement to his right knee as a result of his fall and injury on 1/22/12.

11. The injury sustained by LEROY PALMER to his right knee on 1/22/12 was and is an ongoing serious medical condition requiring ongoing medical care and treatment.

12. On 2/2/12, Plaintiff, LEROY PALMER, was transferred to a Cook County Department of Corrections facility in Chicago, Illinois for the purpose of attending court proceedings in Cook County.

13. Plaintiff, LEROY PALMER, filed multiple Illinois Department of Corrections grievance forms seeking medical attention and treatment for his right knee.

14. Plaintiff, LEROY PALMER, has exhausted all administrative remedies available to him through the Illinois Department of Corrections grievance procedure as set forth in Ill. Admin. Code tit. 20, § 504.800, et seq.

15. Plaintiff, LEROY PALMER, has exhausted all administrative remedies available to him for purposes of and in accordance with the provisions of the Prison Litigation Reform Act, 42 USC § 1997(e).

## COUNT I
### MARCUS HARDY - Failure to Provide Medical Attention

1-15. Plaintiff re-alleges and incorporates Paragraphs 1-15 of the Allegations Common to All Counts as and for Paragraphs 1-15 of Count I as if fully stated herein.

16. At times relevant to Plaintiff's Complaint, MARCUS HARDY was the Warden of Illinois Department of Corrections Northern Reception and Classification Center (NRC), located at Stateville Correctional Center, in Joliet, Illinois, and in acting within the scope of his employment, was at all times alleged herein acting under color of state law.

17. Subsequent to LEROY PALMER's fall and injury on 1/22/12, Warden MARCUS HARDY was made aware and knew that Plaintiff had a serious medical need for ongoing medical care and treatment.

18. Subsequent to LEROY PALMER's fall and injury on 1/22/12, Warden MARCUS HARDY was deliberately indifferent to Plaintiff's serious medical need for ongoing medical care and treatment, and failed to provide him with medical assistance.

19. MARCUS HARDY's deliberate indifference to Plaintiff's serious medical need proximately caused Plaintiff to be deprived of rights, privileges and

immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely he was caused to suffer physical harm, including ongoing physical deformity and pain and suffering.

WHEREFORE, Plaintiff, LEROY PALMER, respectfully requests that this Court enter judgment in his favor and against MARCUS HARDY, for an amount in excess of the Court's jurisdictional amount, plus attorney's fees as provided by the Civil Rights Act, and for such further relief as this Court deems just and appropriate.

### COUNT II
### UNKNOWN CORRECTIONAL OFFICERS at
### Northern Reception and Classification Center
### Conditions of Confinement

1-15. Plaintiff re-alleges and incorporates Paragraphs 1-15 of the Allegations Common to All Counts as and for Paragraphs 1-15 of Count II as if fully stated herein.

16. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS were employees of the Illinois Department of Corrections Northern Reception and Classification Center and/or its contractors, and in acting within the scope of their employment, were at all times alleged herein acting under color of state law.

17. On or about 1/11/12, and afterward, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center were made aware and knew that Plaintiff had a serious medical need relating to his confinement.

18. On or about 1/11/12 and afterward, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification

Center placed Plaintiff, LEROY PALMER, in a cell under conditions that posed a substantial risk to his health and safety.

19. In doing so, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center were deliberately indifferent to Plaintiff's health and safety, and to a serious medical need of relating to his confinement.

19. The deliberate indifference of Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center to Plaintiff's health and safety, and to a serious medical need relating to his confinement, proximately caused Plaintiff to be deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely he was caused to suffer physical harm, including ongoing physical deformity and pain and suffering.

WHEREFORE, Plaintiff, LEROY PALMER, respectfully requests that this Court enter judgment in his favor and against Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center, for an amount in excess of the Court's jurisdictional amount, plus attorney's fees as provided by the Civil Rights Act, and for such further relief as this Court deems just and appropriate.

<u>COUNT III</u>
UNKNOWN CORRECTIONAL OFFICERS at
Northern Reception and Classification Center
Failure to Provide Medical Attention

1-15. Plaintiff re-alleges and incorporates Paragraphs 1-15 of the Allegations Common to All Counts as and for Paragraphs 1-15 of Count III as if fully stated herein.

16. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS were employees of the Illinois Department of Corrections Northern Reception and Classification Center and/or its contractors, and in acting within the scope of their employment, were at all times alleged herein acting under color of state law.

17. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center were made aware and knew that Plaintiff had a serious medical need for ongoing medical care and treatment.

18. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center were deliberately indifferent to Plaintiff's serious medical need for ongoing medical care and treatment, and failed to provide him with medical assistance.

19. The deliberate indifference of Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center to Plaintiff's serious medical need proximately caused Plaintiff to be deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely he was caused to suffer physical harm, including ongoing physical deformity and pain and suffering.

WHEREFORE, Plaintiff, LEROY PALMER, respectfully requests that this Court enter judgment in his favor and against Defendant UNKNOWN CORRECTIONAL OFFICERS at the Northern Reception and Classification Center, for an amount in excess of the Court's jurisdictional amount, plus

attorney's fees as provided by the Civil Rights Act, and for such further relief as this Court deems just and appropriate.

## COUNT IV
### ALLAN MARTIN - Failure to Provide Medical Attention

1-15. Plaintiff re-alleges and incorporates Paragraphs 1-15 of the Allegations Common to All Counts as and for Paragraphs 1-15 of Count IV as if fully stated herein.

16. At times relevant to Plaintiff's Complaint, ALLAN MARTIN was and is the Warden of Shawnee Correctional Center, and in acting within the scope of his employment, was at all times alleged herein acting under color of state law.

17. At times relevant to Plaintiff's Complaint, Warden ALLAN MARTIN was made aware and knew that Plaintiff had a serious medical need for ongoing medical care and treatment.

18. At times relevant to Plaintiff's Complaint, Warden ALLAN MARTIN was deliberately indifferent to Plaintiff's serious medical need for ongoing medical care and treatment, and failed to provide him with medical assistance.

19. Warden ALLAN MARTIN's deliberate indifference to Plaintiff's serious medical need proximately caused Plaintiff to be deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely he was caused to suffer physical harm, including ongoing physical deformity and pain and suffering.

WHEREFORE, Plaintiff, LEROY PALMER, respectfully requests that this Court grant injunctive relief requiring Defendant ALLAN MARTIN to obtain an orthopedic evaluation of Plaintiff's right knee and right leg by an orthopedic physician, licensed to practice medicine in Illinois, which is independent from and

not employed by the Illinois Department of Corrections, Shawnee Correctional Center and/or their current medical services contractors, and for such further relief as this Court deems just and appropriate.

## COUNT V
### THOMAS J. DART - Failure to Provide Medical Attention

1-15. Plaintiff re-alleges and incorporates Paragraphs 1-15 of the Allegations Common to All Counts as and for Paragraphs 1-15 of Count V as if fully stated herein.

16. At times relevant to Plaintiff's Complaint, THOMAS J. DART was and is the Sheriff of Cook County, Illinois, and of the Cook County Department of Corrections, and in acting within the scope of his employment, was at all times alleged herein acting under color of state law.

17. At times relevant to Plaintiff's Complaint, and subsequent to his transfer on 2/2/11 to a Cook County Department of Corrections facility, THOMAS J. DART was made aware and knew that Plaintiff had a serious medical need for ongoing medical care and treatment.

18. At times relevant to Plaintiff's Complaint, Sheriff THOMAS J. DART was deliberately indifferent to Plaintiff's serious medical need for ongoing medical care and treatment, and failed to provide him with medical assistance.

19. THOMAS J. DART's deliberate indifference to Plaintiff's serious medical need proximately caused Plaintiff to be deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely he was caused to suffer physical harm, including ongoing physical deformity and pain and suffering.

WHEREFORE, Plaintiff, LEROY PALMER, respectfully requests that this Court enter judgment in his favor and against Defendant THOMAS J. DART for an amount in excess of the Court's jurisdictional amount, plus attorney's fees as provided by the Civil Rights Act, and for such further relief as this Court deems just and appropriate.

<u>COUNT VI</u>
UNKNOWN CORRECTIONAL OFFICERS at
Cook County Department of Corrections
Failure to Provide Medical Attention

1-15. Plaintiff re-alleges and incorporates Paragraphs 1-15 of the Allegations Common to All Counts as and for Paragraphs 1-15 of Count VI as if fully stated herein.

16. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS were employees of the Cook County Department of Corrections and/or its contractors, and in acting within the scope of their employment, were at all times alleged herein acting under color of state law.

17. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Cook County Department of Corrections were made aware and knew that Plaintiff had a serious medical need for ongoing medical care and treatment.

18. At times relevant to Plaintiff's Complaint, Defendant UNKNOWN CORRECTIONAL OFFICERS at the Cook County Department of Corrections were deliberately indifferent to Plaintiff's serious medical need for ongoing medical care and treatment, and failed to provide him with medical assistance.

19. The deliberate indifference of Defendant UNKNOWN CORRECTIONAL OFFICERS at the Cook County Department of Corrections to

Plaintiff's serious medical need proximately caused Plaintiff to be deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely he was caused to suffer physical harm, including ongoing physical deformity and pain and suffering.

WHEREFORE, Plaintiff, LEROY PALMER, respectfully requests that this Court enter judgment in his favor and against Defendant UNKNOWN CORRECTIONAL OFFICERS at the Cook County Department of Corrections for an amount in excess of the Court's jurisdictional amount, plus attorney's fees as provided by the Civil Rights Act, and for such further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, LEROY PALMER, demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ J. Scott Myers
_____

J. Scott Myers
Attorneys for Plaintiff

J. Scott Myers (Illinois ARDC # 2007061)
myers carden & sax LLC
30 North LaSalle St., Suite 2200
Chicago, Illinois 60602
Ph: 312-345-7250
Fx: 312-345-7251