# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LEROY PALMER,

        Plaintiff,

      v.

CRAIG P. FRANZ, RN,

        Defendant.

No. 13 C 1698

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Plaintiff LeRoy Palmer brings this action against Defendant Craig Franz for an injury he suffered while in the custody of the Illinois Department of Corrections (IDOC) at the Northern Reception and Classification Center (NRC). In August 2019, the Court granted Palmer leave to file a fifth amended complaint. Franz moved to dismiss Palmer's medical malpractice claim (Count I). For the following reasons, Franz's motion is denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

This case has been pending since 2013 and the Court assumes the parties' familiarity with the facts. In brief, Palmer entered IDOC custody in 2010. While at Shawnee Correctional Center, the staff granted Palmer a low-bunk/low-gallery permit due to his inability to safely climb to a top bunk because of a congenital deformity of his left hand. The IDOC transferred Palmer to the NRC on January 11, 2012. When Palmer arrived at the NRC, nurse Craig P. Franz, an employee of Wexford Heath Sources, Inc., conducted a routine intake screening. Palmer informed Franz that he required a low bunk because of his congenital deformity, and that the IDOC staff had granted him a low-bunk permit at Shawnee. Franz failed to take any steps to ensure that Palmer received a low bunk, and Palmer had to use the top bunk

in his cell. On January 22, 2012, Palmer injured his knee while attempting to climb down from his bunk.

Palmer filed his third amended complaint on January 21, 2014, naming Franz for the first time and asserting claims against him for negligence and deliberate indifference. In September 2017, this Court granted Franz's motion for summary judgment on Palmer's deliberate indifference claim. The Court also dismissed Palmer's negligence claim without prejudice for failing to attach an attorney's affidavit and reviewing physician's report as required by section 2-622 of the Illinois Code of Civil Procedure, the Healing Art Malpractice Act ("section 2-622"), and directed Palmer that any refiling of the affidavit should be done in state court. Palmer appealed this Court's decision granting summary judgment on his federal claim. In his appellate brief, Palmer also expressed his intention to refile his negligence claim before this Court with a section 2-622 affidavit should the appellate court reverse. The Seventh Circuit reversed and remanded, holding that a reasonable jury could conclude that Franz's refusal to act was a conscious decision to ignore the risk of harm posed to Palmer.

In August 2019, this Court granted Palmer leave to file a fifth amended complaint. The only change Palmer made to the fifth amended complaint was to attach an attorney's affidavit and physician's report. Franz moved to dismiss Palmer's negligence claim, arguing that: (1) the applicable statute of limitations and statute of repose bar the addition of a medical malpractice claim; (2) the affidavit and

report were untimely filed under section 2-622 and that allowing the claim to proceed would be unduly prejudicial; and (3) Palmer waived the claim on appeal.

## Analysis

A. Statute of Limitations and Statute of Repose

The Court turns first to Franz's argument that the statute of limitations and statute of repose bar the addition of Palmer's negligence claim. Illinois law requires plaintiffs to bring a medical malpractice claim within two years of the date they knew, or should have known, about the existence of the injury or death for which they seek damages (statute of limitations), and no later than four years after the date on which the act or omission occurred (statute of repose). 735 ILCS 5/13-212(a). Franz argues that the statute of limitations and statute of repose bar Palmer's claim because the injury at issue occurred more than seven years ago. As Palmer points out, however, Federal Rule of Civil Procedure 15(c)(1)(B) permits an amendment to a pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B). Palmer's only change to the fifth amended complaint was to add the affidavit and physician's report; the factual allegations against Franz remain the same as in the third amended complaint. There is no question that the medical malpractice claim in the fifth amended complaint relates back to Palmer's earlier pleading. *See M.J. McCarthy Motor Sales Co. v. Van C. Argiris & Co.*, 396 N.E.2d 1253, 1258 (Ill. App. Ct. 1979) ("The law is clear that so long as the amended pleading alleges matters that grew out of the same transaction or occurrence set forth at the

time of the original filing, such pleading shall relate back to the original filing and not be barred by the statute of limitations.").

Even so, Franz argues, the statute of limitations also bars the third amended complaint because Palmer's medical intake occurred on January 11, 2012 and Palmer did not file the third amended complaint until January 21, 2014. This argument also fails. While Palmer met with Franz and received a top bunk on January 11, his injury did not occur until January 22. The statute of limitations "does not begin to run on the date when the plaintiff discovers or should have discovered that the defendant has been negligent." *Goodhand v. United States*, 40 F.3d 209, 214 (7th Cir. 1994). Rather, it begins to run "on the date when the plaintiff discovers that *he has been injured* by an act or omission attributable to the defendant." *Id.* (emphasis added). Thus, the statutory period began running when Palmer sustained his injury on January 22, 2012, and Palmer's January 21, 2014 filing was timely.

## B. Attorney's Affidavit and Physician's Report

Franz next argues that the Court should dismiss the medical malpractice claim because Palmer failed to timely file an attorney's affidavit and reviewing physician's report as required by section 2-622. That section requires a medical malpractice plaintiff to file a physician's certificate of merit and an accompanying report with his complaint. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). The certificate "must affirm that a qualified, licensed physician has reviewed the case and determined that 'there is a reasonable and meritorious cause for the filing of such action.'" *Id.* (quoting 735 ILCS 5/2-622). Failure to abide by this requirement "shall be grounds for

dismissal." *Id.* Whether dismissal is with or without prejudice is a matter of the district court's discretion. *Id.* at 614 (citing *McCastle v. Sheinkop*, 520 N.E.2d 293, 296 (Ill. 1987)). Among the factors that courts consider in determining whether to grant leave to amend a complaint are "whether the amendment would cure a defect in the pleadings; whether the other party would be prejudiced or surprised by the proposed amendment; timeliness of the proposed amendment; and whether there were previous opportunities to amend the pleadings." *Christmas v. Dr. Donald W. Hugar, Ltd.*, 949 N.E.2d 675, 684 (Ill. App. Ct. 2011) (quoting *Lee v. Chicago Transit Auth.*, 605 N.E.2d 493, 508 (Ill. 1992)). Section 2-622 "should be liberally construed and not mechanically applied to deprive a plaintiff of her substantive rights. The plaintiff in a medical malpractice action should be allowed every reasonable opportunity to establish her case." *Cammon v. West Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998) (internal citations omitted).

Franz contends that Palmer has no justification for waiting over six years to submit an affidavit and physician's report. But Franz misses that Palmer originally sought to bring a claim for ordinary negligence, which does not require a certificate of merit. Whether Palmer's claim sounded in ordinary negligence or medical malpractice was not decided until this Court's September 18, 2017 summary judgment order [R. 177]. The Court concluded that Palmer's claim sounded in medical malpractice and, in accordance with Seventh Circuit law, dismissed it with leave to refile in accordance with the requirements of section 2-622. *See Sherrod*, 223 F.3d at 614 (quoting *Cammon*, 704 N.E.2d at 739) ("Illinois courts have held that when a

plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'"). Palmer has done exactly that.

Franz argues that permitting Palmer to bring a medical malpractice claim at this late stage would be unduly prejudicial because he can no longer pursue additional discovery to defend against Palmer's allegations. The Court disagrees. If "the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on." *Cammon*, 704 N.E.2d at 736 (quoting *Zeh v. Wheeler*, 489 N.E.2d 1342, 1348 (Ill. 1986)). Such is the case here. As previously stated, the third and fifth amended complaints contain identical factual allegations against Franz. Franz has thus had since 2013 to pursue discovery related to Palmer's negligence claim. He cannot now viably claim surprise or undue prejudice simply due to the inclusion of a physician's report.[1] In sum, Palmer had a justifiable reason for the delayed filing of a certificate of merit (the parties' dispute about whether one was required), Franz has been aware of Palmer's underlying factual allegations since 2013, and there has been no indication of bad faith by Palmer. *See Hahn v. Walsh*, 762 F.3d 617, 634-35 (7th Cir. 2014) (reversing district court's dismissal with prejudice for failure to comply

---

[1] This is especially true given that counsel for Plaintiff represented at the October 24, 2019 status hearing that he does not intend to call an expert at trial on this claim. In addition, trial is scheduled to begin on April 20, 2020. Should Franz need more discovery, he should seek leave to take it.

with section 2-622 in part because there was no finding of bad faith or undue prejudice). Franz's motion to dismiss on this ground is denied.

## C. Waiver

Franz also contends that Palmer waived his right to bring a negligence claim by failing to raise it before the Seventh Circuit on appeal. As an initial matter, Palmer noted in his appellate brief that "[s]hould the Court reverse the District Court, Mr. Palmer intends to refile his state-law negligence claim with the District Court with a section 2-622 affidavit." R. 229 at 8. It is thus factually incorrect that Palmer did not raise his negligence claim. And regardless, when a district court declines to exercise supplemental jurisdiction over a state-law claim, as in this case, and all claims relate to the same set of operative facts, courts in the Seventh Circuit "will ordinarily reinstate the state-law claim along with the reinstated federal claim." *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007) (reinstating plaintiff's state-law medical negligence claim because it related to the same operative facts as his claim for deliberate indifference); *Burns v. Fenoglio*, 525 F. App'x 512, 516 (7th Cir. 2013) (reinstating state-law negligence claim after vacating district court's judgment on the constitutional claim); *Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998) ("Of course, because this decision reinstates [plaintiff's] federal claims, on remand the district court should entertain supplemental jurisdiction over [plaintiff's] state law

claims."). Here, Palmer's medical malpractice claim relates to his deliberate indifference claim and is thus properly before the Court.[2]

## Conclusion

For the reasons stated above, the Court denies Defendant's motion to dismiss Count I of Plaintiff's fifth amended complaint [R. 224].

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: November 7, 2019

---

[2] For the same reasons, 725 ILCS 5/13-217 does not prohibit the reinstatement of Palmer's claim. The Court directed Palmer to refile his negligence claim in state court after granting summary judgment on his federal claim. Because Palmer's federal claim has been reinstated, his related state-law claim is now also properly before the Court. Franz's argument that Palmer missed the refiling deadline would be more appropriate had the appellate court affirmed this Court's decision and had Palmer then attempted to refile in state court. *See Wade v. Byles*, 692 N.E.2d 750, 751 (Ill. App. Ct. 1991) (holding that there is no tolling of 735 ILCS 5/13-217 while a case dismissed for lack of jurisdiction is on appeal).